UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-20447

MAX PALMER,

    Plaintiff,

vs.

GROVE BAY HOSPITALITY GROUP, LLC,
and TB PURDY RESTAURANT, LLC,

    Defendants.

_____/

## COMPLAINT

Plaintiff Max Palmer ("Palmer"), by and through his undersigned counsel, hereby sues Defendants Grove Bay Hospitality Group, LLC, ("Grove Bay"), and TB Purdy Restaurant, LLC, and alleges as follows:

### JURISDICTION AND VENUE

1. This action is brought to remedy violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et. seq. ("Title VII"), and the Florida Civil Rights Act of 1991, as amended, Fla. Stat. Ch. 760 et. seq. (the "Florida Civil Rights Act").

2. Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over Palmer's claims.

3. The Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

4. Palmer has satisfied all conditions precedent to filing suit, including without limitation, the timely filing of a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the timely filing of the instant action after receipt of a Right to Sue letter.

5. Pursuant to 28 U.S.C. § 1391(b), venue lies in Miami-Dade County because a substantial part of the events giving rise to these claims occurred within this District.

## PARTIES

6. Palmer is a heterosexual male and is part of a protected class.

7. At all times material hereto, Palmer was employed by Defendants as a server at their restaurant(s).

8. Grove Bay is a Limited Liability Company with its principal place of business in Miami-Dade County, Florida.

9. TB Purdy is a Limited Liability Company with its principal place of business in Miami-Dade County, Florida.

10. Grove Bay is a "person" and an "employer" within the meaning of Title VII and the Florida Civil Rights Act.

11. TB Purdy is a "person" and an "employer" within the meaning of Title VII and the Florida Civil Rights Act.

12. Grove Bay and TB Purdy share employees, interchange employees, or exercise common control over employees and work in the direct interest of one another. The related activities, performed through a unified operation and/or common control, are being done for a common business purpose. Thus, Defendants are joint employers as a matter of law.

13. Grove Bay and TB Purdy have interrelated operations, share common management, have centralized control of labor relations, and have common ownership or financial

control. Thus, Defendants are an integrated enterprise or employer as a matter of law. Alternatively, each Defendant is a covered enterprise as a matter of law.

## FACTUAL ALLEGATIONS

14. Palmer began working for Grove Bay in February 2021.

15. General Manager Justin Maas ("Maas") began making sexually charged comments to Palmer during his first week of employment.

16. Maas had the authority to alter the terms, conditions, and privileges of Palmer's employment at all times material hereto.

17. Maas insisted that Palmer was confused about his sexuality and frequently made comments about Palmer's muscularity.

18. By the second week of Palmer's employment, Mass began touching him in a sexually explicit matter.

19. Maas would touch Palmer's arms and chest, including his nipples, without Palmer's consent.

20. The sexual comments and nonconsensual touching occurred frequently and continued unabated throughout Palmer's employment.

21. Because Palmer refused to give in to Maas's advances, Maas scheduled Palmer for double shifts and manipulated the times in which Palmer would clock in and out of work, resulting in lower pay.

22. The relentless sexually-charged comments and touching Palmer experienced were so pervasive and severe that they altered the terms, conditions, and privileges of his employment.

23. Palmer told Maas that he was going to report the sexual harassment to Human Resources.

24. Within twelve hours after telling Maas he was going to object to the unlawful conduct with Human Resources, Palmer was terminated.

25. The termination occurred in April 2021.

26. Maas was the proximate cause of Palmer's termination.

27. Palmer was never given a reason as to why he was terminated.

28. After Palmer was terminated, he appealed his termination to Human Resources and reiterated that he had been sexually harassed by Maas.

29. Human Resource told Palmer that Defendants would not rescind his termination and acknowledged that Maas's behavior warranted discipline.

## COUNT I – SEX-BASED HOSTILE WORK ENVIRONMENT PURSUANT TO TITLE VII

Palmer re-alleges Paragraphs 1-29 as though fully set forth herein.

30. This Count is brought pursuant to Title VII.

31. At all times material hereto, the workplace was permeated with intimidation, ridicule, sexual harassment, and insult that was sufficiently severe or pervasive to alter the conditions of Palmer's employment and create an abusive working environment.

32. The hostile work environment was based on Palmer's sex.

33. Defendants are responsible for such an environment under a theory of direct or vicarious liability.

34. Defendants acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of Palmer's rights and safety.

35. Palmer has suffered damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and harm to reputation proximately caused by the conduct, actions, and inactions complained of herein.

**WHEREFORE**, Plaintiff Max Palmer respectfully requests that this Court enter a judgment in his favor:

- A.    Declaring that the acts and practices complained of violate Title VII;

- B.    Awarding Palmer attorney's fees and costs pursuant to Title VII;

- C.    Awarding Palmer all general and compensatory damages available at law, including without limitation, back wages, past and future pecuniary losses, and damages for his mental anguish, embarrassment, and humiliation;

- D.    Awarding Palmer punitive damages;

- E.    Awarding Palmer interest; and,

- F.    Granting Palmer any additional relief deemed appropriate by this Court.

### COUNT II – SEX-BASED HOSTILE WORK ENVIRONMENT PURSUANT TO THE FLORIDA CIVIL RIGHTS ACT

Palmer re-alleges Paragraphs 1-29 as though fully set forth herein.

36.    This Count is brought pursuant to the Florida Civil Rights Act.

37.    At all times material hereto, the workplace was permeated with discriminatory intimidation, ridicule, sexual harassment, and insult that was sufficiently severe or pervasive to alter the conditions of Palmer's employment and create an abusive working environment.

38.    The hostile work environment was based on Palmer's sex.

39.    Defendants are responsible for such an environment under a theory of direct or vicarious liability.

40.    Defendants acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of Palmer's rights and safety.

41. Palmer has suffered damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and harm to reputation proximately caused by the conduct, actions, and inactions complained of herein.

**WHEREFORE**, Plaintiff Max Palmer respectfully requests that this Court enter a judgment in his favor:

A. Declaring that the acts and practices complained of violate the Florida Civil Rights Act;

B. Awarding Palmer attorney's fees and costs pursuant to the Florida Civil Rights Act;

C. Awarding Palmer all general and compensatory damages available at law, including without limitation, back wages, past and future pecuniary losses, and damages for his mental anguish, embarrassment, and humiliation;

D. Awarding Palmer punitive damages;

E. Awarding Palmer interest; and,

F. Granting Palmer any additional relief deemed appropriate by this Court.

### COUNT III – RETALIATION PURSUANT TO TITLE VII

Palmer re-alleges Paragraphs 1-29 as though fully set forth herein.

42. This Count is brought pursuant to Title VII.

43. Defendants retaliated against Palmer by terminating him and otherwise altering the terms, conditions, and privileges of his employment because he engaged in a protected activity.

44. In addition to a temporal connection, the termination and adverse employment actions would not have occurred but for Palmer engaging in protected activity.

45. At all times material to this Count, Palmer was qualified for the position.

46. Defendants are responsible for such unlawful actions under a theory of vicarious or direct liability.

47. Defendants acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of Palmer's rights and safety.

48. Palmer has suffered damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and harm to reputation proximately caused by the conduct, actions, and inactions complained of herein.

**WHEREFORE**, Plaintiff Max Palmer respectfully requests that this Court enter a judgment in his favor:

A. Declaring that the acts and practices complained of violate Title VII;

B. Awarding Palmer attorney's fees and costs pursuant to Title VII;

C. Awarding Palmer all general and compensatory damages available at law, including without limitation, back wages, past and future pecuniary losses, and damages for his mental anguish, embarrassment, and humiliation;

D. Awarding Palmer punitive damages;

E. Awarding Palmer interest; and,

F. Granting Palmer any additional relief deemed appropriate by this Court.

## COUNT IV – RETALIATION PURSUANT TO THE FLORIDA CIVIL RIGHTS ACT

Palmer re-alleges Paragraphs 1-29 as though fully set forth herein.

49. This Count is brought pursuant to the Florida Civil Rights Act.

50. Defendants retaliated against Palmer by terminating him and otherwise altering the terms, conditions, and privileges of his employment because he engaged in a protected activity.

51. In addition to a temporal connection, the termination and adverse employment actions would not have occurred but for Palmer engaging in a protected activity.

52. At all times material to this Count, Palmer was qualified for the position.

53. Defendants are responsible for such unlawful actions under a theory of vicarious or direct liability.

54. Defendants acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of Palmer's rights and safety.

55. Palmer has suffered damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and harm to reputation proximately caused by the conduct, actions, and inactions complained of herein.

**WHEREFORE**, Plaintiff Max Palmer respectfully requests that this Court enter a judgment in his favor:

A. Declaring that the acts and practices complained of violate the Florida Civil Rights Act;

B. Awarding Palmer attorney's fees and costs pursuant to the Florida Civil Rights Act;

C. Awarding Palmer all general and compensatory damages available at law, including without limitation, back wages, past and future pecuniary losses, and damages for his mental anguish, embarrassment, and humiliation;

D. Awarding Palmer punitive damages;

E. Awarding Palmer interest; and,

F. Granting Palmer any additional relief deemed appropriate by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff Max Palmer hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

By: /s/ Alejandro F. Garcia
    Alejandro F. Garcia, Esq.
    Florida Bar No. 98505
    agarcia@ramhofergarcia.com
    RAMHOFER GARCIA PLLC
    11900 Biscayne Blvd.
    Suite 742
    North Miami, FL 33181
    Telephone: (305) 481-9733
    Facsimile: (954) 697-0341
    *Attorney for Plaintiff Max Palmer*